# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Larry Lee Smith, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 08-0816-CV-W-FJG |
| Robert G. Chuinard, | ) ) |
| Defendant. | ) ) |

## ORDER

Pending before the Court are (1) Plaintiff's Application for Leave to File Action without Payment of Fees (Doc. No. 1); and (2) Plaintiff's Application for Appointment of Counsel (Doc. No. 3). Together with plaintiff's motions is plaintiff's Affidavit of Financial Status (Doc. No. 2).

**I.　Application for Leave to File Action without Payment of Fees (Doc. No. 1)**

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit, and the Court determines that the lawsuit is not frivolous or malicious.

The Court must exercise its discretion in determining whether an applicant is sufficiently impoverished to qualify under § 1915. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948); Local Rule 83.7(a) (1999). A review of plaintiff's affidavit reveals that it is

questionable whether he is sufficiently impoverished to qualify under § 1915.[1]

However, even assuming plaintiff was sufficiently impoverished, the Court's inquiry does not end there. Instead, the Court "shall dismiss" cases filed in forma pauperis "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In the present matter, plaintiff (a Missouri resident) has named defendant Robert G. Chuinard. Plaintiff does not list an address for defendant Chuinard; however, he alleges that Chuinard is a doctor at Truman Medical Center in Missouri. Plaintiff claims that defendant Chuinard refused him medical treatment on October 16, 2008 by failing to write him a prescription for wrist pain. Plaintiff claims that defendant Chuinard was negligent in his actions, and claims that defendant Chuinard violated his "medical treatment constitutional rights" and that defendant Chuinard was acting "under color of state law." Plaintiff demands $30,000,000 in damages.

After a review of plaintiff's proposed complaint, it is clear that plaintiff's case is frivolous and fails to state a claim upon which relief can be granted. In particular, federal courts are courts of limited jurisdiction, and this Court does not have subject matter jurisdiction unless plaintiff's claims present a federal question (28 U.S.C. § 1331) or a controversy between citizens of different states where the amount in controversy exceeds the sum of $75,000 (28 U.S.C. § 1332). Plaintiff's complaint does not present a federal

---

[1]In particular, plaintiff alleges that he receives $573.30 per month in disability benefits and has no expenses. In these circumstances, plaintiff could reasonably be expected to pay for the costs of filing this lawsuit.

2

question; there is no federal constitutional right to medical treatment, and without a violation of a constitutional right it is irrelevant whether defendant Chuinard was acting under color of state law.[2] Instead, plaintiff's claims appear to be state-law negligence or medical malpractice claims. Further, plaintiff has not alleged that defendant Chuinard is a resident of a different state than plaintiff.[3] Therefore, plaintiff's claim is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B).

Therefore, for the foregoing reasons, plaintiff's Application for Leave to File Action without Payment of Fees (Doc. No. 1) is **DENIED.**

## II. Motion to Appoint Counsel (Doc. No. 3)

Plaintiff has requested appointment of counsel. As the Court has found that plaintiff's proposed complaint is frivolous and fails to state a claim upon which relief may be granted, plaintiff's motion for appointment of counsel (Doc. No. 3) will be **DENIED**.

## III. Conclusion

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 1) is **DENIED**;

2. Plaintiff's Motion to Appoint Counsel (Doc. No. 3) is **DENIED**; and

3. This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal is without prejudice to the filing of a paid complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via

---

[2]Further, based on the facts alleged by plaintiff, it is highly questionable whether defendant Chuinard is a state actor for purposes of liability under 42 U.S.C. § 1983.

[3]Based on the facts alleged by plaintiff, it is also highly questionable whether the amount in controversy exceeds the sum of $75,000 (regardless of his claimed $30,000,000 in damages).

3

regular and certified mail to plaintiff at the following address:

    Larry Lee Smith
    3218 E. 30th Terrace
    Kansas City, MO 64106

**IT IS SO ORDERED.**

Date: 11/03/08                 **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri          Fernando J. Gaitan, Jr.
                                       Chief United States District Judge